IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| *Plaintiff* | § § | |
| vs. | § § | CASE NO. 7:18-CV-375 |
| 801.077 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY STATE OF TEXAS; AND CITY OF LAREDO, ET AL., | § § § § § § | |
| *Defendants.* | § | |

### DEFENDANT CITY OF LAREDO'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant City of Laredo (hereinafter referred to as "Defendant") and files this its Original Answer to the United States of America's Complaint in Condemnation, Declaration of Taking and Notice of Condemnation and in support thereof would respectfully show the Court as follows:

### I. RESPONSES TO COMPLAINT IN CONDEMNATION

1. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Section 1.

2. Defendant admits the allegations in Section 2, subject to its objections and defenses hereunder.

3. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Section 3.

4. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Section 4.

5. Defendant owns the property described in Schedules "C" and "D" of the Complaint involved in this condemnation action, by General Warranty Deed recorded in the deed records of Starr County, Texas filed for record on March 22, 2016 as Document Number 00328916.

6. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Section 6.

7. To the extent that Section 7 requires an answer, Defendant objects to the extent that said proposed condemnation does not justly compensate Defendant for all the land being affected by the temporary taking and does not compensate adequately for or clarify clearly for the persons who occupy Defendant's property the uninterrupted right to continue to use the property. Defendant denies that the sum estimated is just compensation for the temporary assignable easement being sought or condemned. Defendant asserts that the just compensation is much greater and that the Plaintiff has not taken into account the entire effect on the entire tract of 801.077 acres being sought to be temporarily taken.

8. Defendant admits the interested parties are adequately named in Schedule "G" of the Complaint.

9. Defendant admits the allegations in Section 9, subject to its objections and defenses hereinafter.

## II. RESPONSES TO THE DECLARATION OF TAKING

1. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Section 1.

2. Defendant is without knowledge sufficient to form a belief as to the truth of the

allegations in Section 2.

3. Defendant admits the allegations in Section 3.

4. Defendant admits the allegations in Section 4.

5. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Section 5.

6. To the extent that Section 6 requires an answer, Defendant objects to the extent that said proposed condemnation does not justly compensate Defendant for all the land being affected by the temporary taking and does not compensate adequately for or clarify clearly for the persons who occupy Defendant's property the uninterrupted right to continue to use the property. Defendant denies that the sum estimated is just compensation for the temporary assignable easement being sought or condemned. Defendant asserts that the just compensation is much greater and that the Plaintiff has not taken into account the entire effect on the entire tract of 801.077 acres being sought to be temporarily taken.

7. Defendant admits the interested parties are appropriately named in Schedule "G" of the Complaint. There is a lease to Kenneth Wilkins d/b/a Chapotal Farms. To the extent that other tax bodies should be notified, then same can occur.

8. Defendant admits that efforts were made to negotiate the acquisition of the property interest sought.

### III. DEFENDANT'S OBJECTIONS AND DEFENSES

1. Defendant objects to the extent that any order of possession be done in compliance with the Declaration of Taking Act and Title 40 USCA, Section 3114.

2. Defendant objects to the extent that parts of the Uniform Relocation Assistance and Real

Property Acquisition Policies Act of 1970, Title 42 USCA, Sections 4601 et. seq. may apply and that the Plaintiff be required to comply with those provisions before any temporary possession or taking of a temporary assignable easement is allowed.

3. Defendant objects to the extent that, at this time, the condemnation does not conform with the Uniform Appraisal Standards for Federal Land Acquisitions.

4. Defendant objects to the extent that the proposed condemnation fails to comply with all the guidelines set out by the Department of Homeland Security's Brochure entitled Acquiring Real Property for Border Security Infrastructure in Support of the Secure Border Initiative.

5. Defendant objects to the extent that Plaintiff may not have complied with all federal statutes before declaring a public purpose.

6. Defendant objects to the extent that the waiver published in the Federal Register on October 11, 2018 submitted by the Department of Homeland Security waiving several federal statutes including various environmental statutes could be in non-compliance with federal law.

7. Defendant objects to the extent that Defendant has not been provided with any documentation as to how the Plaintiff arrived at the value in the deposit made.

8. Defendant objects to the extent that Plaintiff has failed to provide just and adequate compensation for the land of 871.077 acres being temporarily taken.

9. Defendant reserves all rights it may have under Title 28 USCA, section 2412, the Equal Access to Justice Act to recover attorneys fees for the condemnation.

10. Defendant reserves its right to receive additional interest on any final award of compensation as provided for in Title 40 USCA, Section 3116.

11. Defendant reserves the right to file additional objections or defenses to the temporary taking by Plaintiff in accordance with the law.

12. In the alternative, that the Court fix the time and the exact terms on which the Plaintiff may take possession of the 801.077 acres including reasonable notice. This tract RGV-RGC-9042 is where the City of Laredo has a lease where farming takes place.

## IV.  PRAYER

For said reasons, Defendant City of Laredo respectfully requests the following:

1. The Court enter judgment denying Plaintiff's right to condemn Defendant's above-referenced property of 801.077 acres of a temporary assignable easement or for any other purpose.

2. In the alternative, if the property of 801.077 acres is taken under a temporary assignable easement then this Honorable Court consider all the objections and defenses set out hereinabove, before granting possession and place reasonable limitations on said temporary possession.

3. Defendant be allowed recovery of its expenses for attorney fees in defending against this condemnation action pursuant to provisions therefore in the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) if applicable and to the Equal Access to Justice Act, Title 28 USCA, section 2412, if applicable.

4. The Court grant Defendant all other and further relief the Court deems appropriate.

5. Defendant requests trial by jury, pursuant to Rule 71.1(h)(1)(B) on the issue of just and adequate compensation.

Respectfully Submitted,

**KRISTINA K. LAUREL HALE**
*City Attorney for the City of Laredo*

By: */s/ Alyssa J. Castillon*
**ALYSSA J. CASTILLON**
Federal I.D. No.: 3114327
Texas State Bar No.: 24064568
1110 Houston Street
Laredo, Texas 78040
Telephone: (956) 791-7319
Facsimile: (956) 791-7494
Email: acastillon@ci.laredo.tx.us
*Assistant City Attorney for the City of Laredo*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record in this case and a copy of the foregoing document is being sent via hand delivery, email, first class mail, certified mail, return-receipt requested, and/or facsimile.

**Megan Eyes**
Assistant United States Attorney
Southern District of Texas No. 3135118
Florida Bar No. 0105888
1701 W. Bus. Hwy. 83, Suite 600
McAllen, Texas 78526
Tel: (956) 618-8010
Fax: (956) 618-8016
Email: Megan.Eyes@usdoj.gov

**Jessica A. Nathan**
Assistant United States Attorney
Southern District of Texas No. 3313572
Texas Bar No. 24090291
1701 W. Bus. Hwy. 83, Suite 600
McAllen, Texas 78526
Tel: (956) 618-8010
Fax: (956) 618-8016
Email: Jessica.Nathan@usdoj.gov

**John A. Smith, III**
Assistant United States Attorney
Southern District of Texas No. 8638
Texas Bar No. 18627450
One Shoreline Plaza
North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Tel: (361) 888-3111
Fax: (361) 888-3234
Email: jsmith@usdoj.gov

*/s/ Alyssa J. Castillon*
ALYSSA J. CASTILLON